UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

ISO CLAIMS SERVICES, INC.,
 ACI DIVISION,

          Plaintiff,

vs.                              Case No.  3:06-cv-100-J-25MCR

APPRAISAL.COM, INC.,

          Defendant.

_____/

## O R D E R

**THIS CAUSE** is before the Court on Plaintiff's Motion to Compel Discovery from Defendant and for Sanctions (Doc. 57) filed January 5, 2007.  Defendant filed its response (Doc. 72) on February 5, 2007.  Also before this Court is Defendant's Motion to Strike Plaintiff's Motion to Compel.  (Doc. 79).[1]

## I. BACKGROUND

The instant litigation involves, *inter alia,* claims for copyright infringement and breach of contract.  (Doc. 4).  Plaintiff, ISO Claims Services, Inc., ACI Division ("ACI") claims Defendant, Appraisal.com, Inc. ("Appraisal"), infringed ACI's software by making unauthorized copies of it, incorporating such unauthorized copies into Appraisal's software, and distributing the unauthorized copies to Appraisal's clients. (Doc. 57, p. 1).

---

[1] Plaintiff has not yet filed a response to Defendant's Motion to Strike; however, because the Motion to Strike is based on issues presented in the Motion to Compel, as well as Plaintiff's Motion for Leave to File a Reply -- which this Court has already denied -- the Court has sufficient information before it to make a decision on the Motion to Strike.

The parties are currently engaged in discovery, although it seems to have come to a stand still over a few issues on which they are unable to agree.  Consequently, ACI filed this motion to compel asking the Court to enter an Order compelling Appraisal to produce discovery and serve responsive answers to the majority of ACI's Requests for Production, as well as serve responsive answers to several of ACI's interrogatories.  Id. at 4.  Additionally, ACI requests this Court impose sanctions in the form attorney's fees and costs against Appraisal due to Appraisal's alleged "unresponsive and dilatory" conduct.  Id. at 3-4.

As the Court believes a recitation of the facts will help in its analysis, a summary of the parties' attempts to engage in discovery follows.  On June 14, 2006, ACI served its First Set of Interrogatories and Requests for Production to Appraisal.   (Doc. 61, Ex. 2 & 5). Upon Appraisal's request, ACI agreed to provide Appraisal with a thirty day extension – through August 16, 2006 – to respond to ACI's first set of discovery requests.  Id. at Ex. 24 & 25.  Apparently, however, Appraisal did not produce any documents on August 16, as the parties were attempting agree upon suitable language to include in a proposed protective order and where the document production should take place.  Id. Ex. 26.  According to Appraisal, the relevant documents are located in its business offices in Buffalo, New York and are voluminous, i.e., approximately 18,000 documents have already been produced and there are approximately 100,000 more documents which still need to be produced.  Id. at Ex. 52.

On September 6, 2006, ACI served Appraisal with its Second Set of Interrogatories and Second Set of Requests for Production.  Id. at Ex. 9 & 11.   A day

later, on September 7, 2006, the parties participated in a conference call upon which they discussed, *inter alia,* the document production for the First Request to Produce.[2] Id. at Ex. 31.  During this conference, ACI requested the documents be copied and delivered to ACI, as opposed to ACI inspecting the documents in New York.  Id.  ACI noted it would arrange for a third party vendor to photocopy all of the documents and ship them to ACI.  Id.  Further, ACI marked the end of September as the deadline for production.  Id.  Thereafter, the parties agreed that Appraisal would attempt to produce its first round of documents on October 2, 2006, due to the fact that September 30, fell on a Saturday.   Id. at Ex. 34 & 35.

On October 2, 2006, Appraisal notified ACI the first round of documents were ready to be produced, provided ACI agreed to pay the costs of copying and shipping.[3] Id. at Ex. 38.  On October 3, 2006, ACI served Appraisal with its third and last set of requests to produce and interrogatories.  Id. at Ex. 13 & 15.  On October 4, 2006, Appraisal overnighted its first round of documents to ACI.  (Doc. 73, Ex. G).  On October 16, Appraisal produced a second round of documents to ACI. Id. at Ex. I.  Also on October 16, Appraisal notified ACI there was some delay in the document production as businesses were closed due to severe weather conditions in Buffalo; nevertheless, Appraisal continued to gather and produce documents requested by ACI, and noted it

---

[2] In addition to discussing the document production, the parties also agreed on the language for the proposed protective order, which was later adopted by this Court.  (Doc. 41-2).

[3] It is unclear whether ACI had already agreed to pay these costs.  ACI claims it agreed to pay the costs of copying in the parties' meeting on Sept. 7 (Doc. 61, p. 7) ; however, Appraisal states costs were not discussed in that meeting.  (Doc. 73, p. 3).

would conduct a survey of the remaining documents and provide a cost estimate for copying and producing such documents to ACI.  Id. at Ex. J.

In letters mailed on October 23, 25, and 26, ACI's counsel asserted Appraisal had essentially failed to produce any documents responsive to ACI's requests and pointed out deficiencies in Appraisal's document production.  (Doc. 61, Ex.  49-51).  ACI also notified Appraisal it was waiting for an estimate on the approximate cost and number of the remainder of the documents.  Id. at Ex. 51.

On October 27, Appraisal responded and took exception to ACI's claims that Appraisal had not been forthcoming in producing documents.  Id. at Ex. 52.  Appraisal asserted ACI's requests were excessive and that it had fully cooperated with ACI's requests, i.e., it had produced over 18,000 documents in response to ACI's requests, and stated it intended to continue cooperating with its discovery obligations.  Id.  Appraisal also notified ACI that it was overnighting a little more than 600 "Highly Confidential" documents and would supplement its interrogatories no later than November 10, 2006.  Id.  Finally, Appraisal noted ACI still owed approximately $3,334.68 to Appraisal for the documents Appraisal had already copied and produced, but nevertheless, Appraisal provided ACI with a cost estimate of the remaining documents and gave ACI several options regarding how next to proceed.  Id.  Appraisal gave ACI the option to allow Appraisal to photocopy the documents and either bates label them or copy them onto a CD-ROM for ACI; alternatively, Appraisal suggested ACI could inspect the documents itself in Buffalo, New York.  Id.

On November 13, ACI threatened to file a motion to compel because it was still waiting for documents it claimed were long overdue. Id. at Ex. 54. Appraisal responded a day later and stated it intended to produce additional documents by the end of the week, which Appraisal believed would alleviate many, if not all, of ACI's outstanding objections. Id. at Ex. 55. Appraisal, however, further noted it continued to await a response from ACI regarding how to conduct the remainder of the document production. Id.

On November 16, in response to Appraisal's question regarding how to deal with the remainder of the document production, ACI suggested Appraisal summarize the remainder of the documents, as it was ACI's understanding that the documents were computer generated and thus, stored in electronic format. Id. at Ex. 56. Also, on November 27 and 28, ACI continued to seek additional documents from Appraisal. (Doc. 73, Ex. T & U). On November 29, Appraisal responded to ACI's complaint of outstanding document requests and stated it was reviewing ACI's requests,[4] but also noted ACI had yet to comply with its own discovery obligations. Id. at Ex. V.

The record is devoid of any correspondence between the parties between November 29, 2006, and February 16, 2007. ACI filed this Motion to Compel on January 5, 2007, seeking an Order from this Court compelling Appraisal to fully respond to various interrogatories and requests for production. Appraisal responded on

---

[4] The parties corresponded on multiple occasions regarding the sufficiency of Appraisal's responses to ACI's interrogatories and requests for production. Appraisal supplemented its responses to both ACI's requests for production and interrogatories on several occasions in response to ACI's requests that it do so.

February 5, 2007, and after conferring with ACI's counsel on February 15 and 16, 2007,

Appraisal also filed a Motion to Strike ACI's Motion to Compel.

## II. DISCUSSION

Motions to compel discovery under Rule 37(a) are committed to the sound

discretion of the trial court.  See Commercial Union Ins. Co. v. Westrope, 730 F.2d 729,

731 (11th Cir. 1984).  The trial court's exercise of discretion regarding discovery orders

will be sustained absent a finding of abuse of that discretion to the prejudice of a party.

See Westrope, 730 F.2d at 731.

The overall purpose of discovery under the Federal Rules is to require the

disclosure of all relevant information so that the ultimate resolution of disputed issues in

any civil action may be based on a full and accurate understanding of the true facts, and

therefore embody a fair and just result.  See United States v. Proctor & Gamble Co.,

356 U.S. 677, 682, 78 S.Ct. 983 (1958).  Discovery is intended to operate with minimal

judicial supervision unless a dispute arises and one of the parties files a motion

requiring judicial intervention.  Furthermore, "[d]iscovery in this district should be

practiced with a spirit of cooperation and civility."  Middle District Discovery (2001) at 1.

In the instant case, ACI claims a number of Appraisal's responses to its

discovery requests are deficient and that Appraisal failed to produce any documents to

a number of its Requests for Production.  (Doc. 57, p. 3).  In fact, ACI attached a chart

as an exhibit to its motion which lists each document request and whether it has

received documents responsive to such request to its Motion to Compel.  (Doc. 61, Ex.

1).  Admittedly, the chart gives the appearance that Appraisal has failed to produce

documents responsive to numerous requests by ACI.  ACI further argues Appraisal's responses are evasive, incomplete, and dilatory.  (Doc. 57, p. 5).

Appraisal responds that it has notified ACI, in both its responses to the document requests and in correspondence, that it will make the documents responsive to each of ACI's document requests available to ACI if ACI is willing to travel to Appraisal's offices in Buffalo, New York to inspect the documents at a mutually agreeable time.  (Doc. 72, pp. 1-2).  Appraisal also notes that as a courtesy it has photocopied, bates labeled, and delivered approximately 18,000 documents to ACI, with the understanding that ACI would pay for such documents, but ACI has failed to reimburse Appraisal to date.  Id. at 2.  Thus, Appraisal argues ACI's Motion to Compel should be denied because ACI has refused to participate in discovery by either inspecting the documents in Buffalo, New York and/or by paying for the production already made.  Id.

With respect to the sufficiency of its answers to ACI's interrogatories, Appraisal argues it willingly supplemented its responses to the interrogatories which ACI claimed are insufficient and also produced hundreds of highly confidential documents.  Id. Moreover, it claims ACI failed to object to its additional responses.  Id.  Nonetheless, Appraisal served supplemental responses to ACI's First and Second Interrogatories concurrent with its response to the Motion to Compel; Appraisal believes its supplemental responses now render ACI's objections with respect to the interrogatories moot.  Id. at 11.

Lastly, Appraisal argues this Court should strike ACI's Motion to Compel because ACI deceptively certified in its Motion to Compel that it met the Local Rule 3.01(g)

requirements, when it, in fact, had not.  Specifically, Appraisal argues ACI had an

opportunity to inspect Appraisal's documents and because it chose to forgo such

opportunity, it could not have legitimately participated in a Rule 3.01(g) conference.

The most recent correspondence by the parties suggests ACI may have

reviewed the remaining documents at Appraisal's own offices on February 23, 2006.

However, because the parties have not withdrawn the Motion to Compel as of this date

and have not informed the Court whether any additional review has taken place, the

Court will go ahead and rule upon these motions with the assumption that the parties

still intend to go forward with them.

## A.    Requests for Production

ACI served Appraisal with three separate requests for production.  ACI objects to

both Appraisal's written responses, as well as its failure to produce documents.  The

Court will begin its analysis by discussing the lack of document production.

### 1.    Production of Documents

ACI argues Appraisal has taken a cavalier and delaying approach to its discovery

obligations and has failed to produce documents responsive to most of its requests.

(Doc. 57, pp. 3-4).  Appraisal, on the other hand, states that this Motion is premature

because Appraisal has agreed to make documents which are responsive to ACI's

voluminous requests available for inspection, but that ACI has not accepted such

invitation.  (Doc. 72, p. 5).

The Court cannot agree entirely with ACI's assessment of the situation; rather, it

is clear that although Appraisal has not provided all of the requested documents at this

time, it has spent a good deal of time responding to ACI's requests and communicating with ACI in an effort to meet its obligations. ACI served numerous requests, one hundred and sixty to be exact, over the course of several months.  While ACI graciously granted Appraisal an extension of time to respond to the first set of document requests, ACI was not as generous in its later requests for supplementation.  Indeed, It often asked for supplementary responses within three days – a limited amount of time considering the number of requests and the time it takes to correspond with a client, review documents, and appropriately respond to such requests.

    In fact, ACI was not always so diligent in responding to Appraisal's requests.  For instance,  ACI has not paid for the documents Appraisal has copied and produced, despite the fact ACI promised to do so and despite Appraisal's requests to be paid. Moreover, in response to Appraisal's cost estimate of the remainder of the documents, ACI took its time in responding on how to proceed and when it did respond, it merely suggested Appraisal provide summaries of the documents for ACI.  It has not confirmed its willingness to either inspect the documents itself or pay for the total production. Therefore, Appraisal's point that ACI has not taken advantage of Appraisal's offer to allow ACI to inspect the documents in New York is not lost on this Court.

    This is not to say that Appraisal has been completely forthcoming in responding to discovery.  Appraisal has been a few days late each time it produces documents and has made several representations with very little follow through.  All things considered, however, Appraisal has spent time collecting, printing, bates labeling and producing approximately 18,000 documents.  Moreover, on several occasions, Appraisal has

offered to make the remaining documents available to ACI, with little response from ACI.

In light of the ongoing discovery controversy, the proper way to proceed is for ACI to travel to Buffalo, New York, to inspect and select for copying the documents it believes are responsive to its requests.  There are certain situations when a court may find it is proper for the requesting party to inspect the documents at the convenience of the party who possesses them.  Compagnie des Bauzites de Guinea v. Insurance Co. of North America, 651 F.2d 877, 883 (3d Cir. 1981) ("Generally, inspection is required when the requested material is so voluminous that copying and transporting it would prove unduly burdensome and oppressive, or where the distance between the parties is great.") (internal citations omitted).  This is one of those cases.  Although ACI originally agreed to pay the costs associated with the production, it has not confirmed its willingness to pay the entire bill since learning of the cost estimate for Appraisal's remaining documents.  Moreover, ACI has pointed to various deficiencies in Appraisal's production and has also complained of receiving duplicate documents.  The parties would be better served in this case if ACI inspects the documents located in Appraisal's offices in Buffalo, New York.  It seems the parties have now also come to this conclusion on their own.[5]

---

[5] Unfortunately for the Court, the parties seemingly reached this agreement only after the Court had begun to rule on the Motion to Compel.  Because it is not clear if the remaining issues in this Order have also been agreed to by the parties, the Court believes this Order is still due to be entered.

-10-

The Court, however, notes it is not entirely swayed by Appraisal's argument that ACI's objections to Appraisal's responses are premature.  Appraisal has had ample time to inquire into what documents it possesses and to provide ACI with substantial reasoning as to why Appraisal's objections are legitimate.  Appraisal has not done so.  Indeed, it has put the majority of the onus on ACI in determining which documents are responsive to which requests.  As the producing party is the party with the most knowledge concerning the documents it possesses, it is in the better position to identify whether it has produced documents responsive to the requests for production.  Thus, before ACI inspects the documents, or shortly thereafter (depending on whether the parties have already inspected such documents), Appraisal will need to supplement its answers to each of ACI's requests for production by notifying ACI whether it has produced or plans to produce documents responsive to each of its requests, and if it intends to withhold any documents, the basis for such withholding.

The Court also notes that ACI has some concern that the 100,000 documents, which Appraisal claims are the remaining documents responsive to ACI's requests, appear to be invoices. (Doc. 61, Ex. 56).  If these documents are only invoices, ACI argues they are not responsive to the majority of ACI's requests.  As to this issue, the Court expects counsel for ACI to correspond with its client and locate the remaining documents responsive to all three sets of ACI's requests for production.  If a substantial number of the 100,000 or so documents Appraisal has been referring to are invoices, then the parties are ordered to consult with each other as to how to proceed with respect to these documents.  For instance, if there is an easier way for ACI to obtain the

relevant information from the invoices, such as if Appraisal can print computerized

summaries, then the parties should consider using such procedure.  Indeed, it seems

that Appraisal has now agreed to provide ACI with information as to which documents, if

any, it has in electronic files.  Irregardless, Appraisal will still need to produce the

documents responsive to ACI's other requests.

Accordingly, Appraisal is ordered to supplement its responses to ACI by notifying

ACI whether it possess documents responsive to each of ACI's requests.  Additionally, if

Appraisal intends to withhold any documents based on an objection it has already

asserted (and which has not been overruled by this Court's order as discussed below),

it must state its objection(s) with sufficient detail so that ACI and this court, if need be,

will have a reasonable basis to determine if such objection is well-founded.  Appraisal

must provide its supplemental responses no later than **Friday, March 23, 2007**.

Finally, if they have not done so already, the parties are ordered to determine a

mutually agreeable date and time for ACI to inspect the documents kept in the normal

course of business at the offices of Appraisal in Buffalo, New York.  In any event, the

inspection should occur no later than **Friday, March 30, 2007**.   Appraisal is ordered to

locate and provide for inspection all responsive documents, with the exception of those

objected to in Appraisal's supplemental responses, to each of ACI's requests at this

time.

### 2.     Appraisal's Responses to ACI's First Request for Production

ACI argues that two categories of Appraisal's objections to ACI's First Request

for Production are improper.  First, ACI argues Appraisal's objections based on

-12-

confidentiality grounds are now moot in light of the Protective Order entered in this case in September 2006.  (Doc. 57, pp. 6-13).  Appraisal asserted a confidentiality objection in response to ACI's requests numbers 4, 10-11, 14-28, 34-35, 37-59, 63-70, and 72. Id.

Appraisal responds that it amended its answer to state it would produce any documents that are not subject to the work product doctrine or any privilege.  (Doc. 72, p. 9).  Appraisal further states it is willing to produce such documents, but believes the objection is necessary in light of the ongoing disagreement between the parties over whether ACI's in-house attorneys should be given access to the Highly Confidential documents under the Protective Order.  Id.  Thus, Appraisal believes the objection is necessary to preserve its right to prohibit ACI's in-house counsel from having access to documents containing certain sensitive information.  Id.

The Court finds Appraisal's arguments persuasive on this point and will allow Appraisal to preserve its objections based on confidentiality and proprietary concerns, so long as it produces all documents to ACI with the parties' understanding that unless agreed to at a later date or ruled upon by the Court, only "Qualified Persons" will have access to "Highly Confidential Information," as those terms are defined in the Protective Order (Doc. 41-2).

ACI also opposes Appraisal's response to Request No. 4 in ACI's First Request to Produce for another reason.  (Doc. 57, p. 13).  Specifically, Appraisal objects that the documents are equally available to both ACI and Appraisal.  Id.  At this point, it is unclear whether Appraisal intends to produce all documents responsive to this request

regardless of its objections; however, to be clear, the Court grants ACI's Motion to

Compel with respect to this objection.   The fact that ACI may have access to similar

documents is unpersuasive because such reasoning does not take into account

documents which may have been modified.  ACI is correct that Appraisal may have

documents which contain handwritten notes or slight variations from the documents to

which ACI has access.  As such, Appraisal is ordered to allow ACI to inspect all

documents responsive to Request No. 4 of ACI's First Request to Produce no later than

**Friday, March 30, 2007**.

       **3.**     **Appraisal's Responses to ACI's Second Request for Production**

      ACI asks this Court to overrule Appraisal's objections to various requests in ACI's

Second Request for Production, as they are conclusory.  (Doc. 57, pp. 13-22).

Appraisal responds that consideration of the sufficiency of the objections is premature

because ACI has not yet had an opportunity to view all of the documents Appraisal is

willing to provide.  (Doc. 72, p. 10).

      The Court has considered each of Appraisal's responses to ACI's Second

Request for Production and notes Appraisal's objections are conclusory; however, it is

still unclear as to whether Appraisal intends to withhold any documents from ACI based

on these objections.  The Court is hesitant to rule on the majority of Appraisal's

objections without full knowledge of the facts and circumstances surrounding the

production.  Therefore, as stated above, Appraisal is required to provide ACI with

supplemental responses notifying ACI if it does not possess any documents responsive

to its requests by **Friday, March 23, 2007**.  Moreover, if Appraisal continues to object to

any of ACI's requests, Appraisal's supplemental response must set forth, in sufficient detail, its reasoning for withholding any documents.   Again, Appraisal shall provide all other responsive documents within its possession on or before **Friday, March 30, 2007**. If after receiving Appraisal's supplemental responses or after inspecting the documents, ACI continues to oppose any of Appraisal's objections or withheld documents, ACI may file a second motion to compel on these same issues.

### 4.   <u>Appraisal's Responses to ACI's Third Request for Production</u>

Evidently, Appraisal has not produced any documents responsive to ACI's Third Request for Production.  ACI claims this is because Appraisal is withholding documents due to ACI's lack of compliance with its discovery obligations.[6]  (Doc. 57, p. 22). Appraisal, on the other hand relies on its general argument that it has informed ACI it will produce all documents in Buffalo, New York at a mutually agreeable time.  (Doc. 72, p. 10).  Regardless of the reason for the lack of production to date, Appraisal is instructed to provide ACI with supplemental answers to ACI's Third Request for Production and all relevant documents in the manner set forth above, on or before **Friday, March 30, 2007**.

---

[6]   The record is replete with accusations that Appraisal believes ACI has not fulfilled its obligations with respect to discovery.  Without opining on the substance of such accusations, the Court notes that each party has their own obligations with respect to discovery and although both parties should participate in discovery in a cooperative manner and in good faith, a party cannot use the "tit for tat" argument when one party does not respond appropriately.  Rather, the proper procedure, if all else fails, is for the party who is requesting the documents to move to compel discovery.  Indeed, Appraisal has now filed its own Motion to Compel. (Doc. 80).

**B.    ACI's Interrogatories**

ACI objects to Appraisal's responses to Nos. 5, 6, 12, and 18 of ACI's First Set of Interrogatories.   (Doc. 57, pp. 28-33).  Notably, Appraisal served its Second Supplemental Response to ACI's First Set of Interrogatories and its Second Supplemental Response to ACI's Second Set of Interrogatories concurrently with its response to this Motion.[7]  Moreover, Appraisal argues it willingly supplemented various responses to ACI's interrogatories and provided ACI with additional documents regarding the same before ACI filed this Motion.  (Doc. 72, p. 11).  Appraisal further argues ACI did not provide Appraisal with any additional objections to its supplemental responses and thus, ACI failed to comply with Local Rule 3.01(g) on this issue.  Id.

The record is not clear as to whether the parties actually conferred pursuant to 3.01(g) regarding these specific interrogatories.  Because Appraisal provided supplemental responses to the contested interrogatories, the Court will deny the motion to compel on this issue in light of the fact the Court believes ACI's objections may now be moot.  To the extent the issues are not moot, the Court instructs the parties to confer, in a good faith manner, regarding any further objections to the supplemental responses.  If the parties are still unable to come to a resolution, ACI may file another motion to compel.

**C.    Attorney's Fees and Costs**

ACI argues Appraisal should be required, pursuant to Fed. R. Civ. P. 37(a), to

---

[7] Appraisal requested these documents be filed under seal and this Court granted such request.  (Doc. 75).

pay the attorney's fees and costs it incurred in pursuing this motion.  Because this Court

is granting this Motion to Compel only in part, it will refrain from requiring Appraisal to

pay such fees and costs.  As stated earlier, it finds Appraisal's reasoning that ACI did

not avail itself of an offer to inspect the documents at least partly persuasive; therefore,

the Court will not require it to pay attorney's fees or costs at this time.[8]

Accordingly, after due consideration, it is

**ORDERED**:

1.      Plaintiff's Motion to Compel Discovery from Defendant and for Sanctions

(Doc. 57) is **GRANTED in part and DENIED in part** in accordance with this Order.

2.      Defendant's Motion to Strike Plaintiff's Motion to Compel (Doc. 57) is

**DENIED**.

**DONE AND ORDERED** in Chambers in Jacksonville, Florida this _5th_ day of

March, 2007.

*Monte C. Richardson*

MONTE C. RICHARDSON
UNITED STATES MAGISTRATE JUDGE

---

[8]  It is clear that the parties have become accustomed to arguing over issues that could and should have been solved amongst themselves and the Court fears the parties' behavior is getting in the way of their good faith efforts to participate in discovery.  The Court encourages the parties to use their best efforts to come to a reasonable solution with regard to their discovery obligations.

Copies to:

Counsel of Record
Any Unrepresented Party