UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

ISO CLAIMS SERVICES, INC.,
ACI DIVISION,

        Plaintiff,

vs.                               Case No.  3:06-cv-100-J-25MCR

APPRAISAL.COM, INC.,

        Defendant.
_____/

# **O R D E R**

**THIS CAUSE** is before the Court on Defendant's Motion to Compel Interrogatory Answers and Document Production (Doc. 80) filed February 16, 2007.  Plaintiff filed its response in opposition (Doc. 87) on March 13, 2007.  Accordingly, this matter is ripe for review.

## I. **BACKGROUND**

Defendant, Appraisal.com, Inc. ("Appraisal"), filed this Motion to compel seeking an order from this Court compelling Plaintiff, ISO Claims Services, Inc., ACI Division ("ACI"), to respond to Interrogatory No. 6 and provide a certain date for producing documents responsive to forty (40) of Appraisal's Document Requests.  (Doc. 80). Additionally, Appraisal seeks attorney's fees and costs from ACI for having to bring this Motion.  Id. at 22.

ACI responds that it has agreed to produce documents responsive to Appraisal's Interrogatory No. 6, in lieu of a written answer, albeit it has offered to produce the

-1-

documents electronically and is waiting for Appraisal's counsel to confer with ACI's

counsel regarding the optimal way to produce the electronic data.  (Doc. 87, p. 2).  In

response to Appraisal's forty (40) document requests, ACI responds Appraisal has only

objected to twenty-two (22), as opposed to forty (40), of ACI's responses to Appraisal's

fifty-one (51) requests.  Id. at 9.  Nonetheless, ACI states it notified Appraisal that it will

cooperate with Appraisal's document requests; however, ACI asked Appraisal for

additional time to produce the documents so that ACI's counsel could prepare the

documents for production.  Id. at 10.  ACI now states its counsel has had an opportunity

to review the documents and ACI has informed Appraisal it is willing to produce the

documents.  Id.  ACI further states the overwhelming number of documents it intends to

produce are kept electronically and ACI has been waiting for a response from

Appraisal's counsel as to how to best produce the documents.  Id.  In sum, ACI

contends Appraisal's Motion was unnecessary and could have been resolved if

Appraisal had been willing to give ACI a little more time to respond.  Id.

## II. DISCUSSION

In considering Defendant's Motion and Plaintiff's response, the Court cannot help

but wonder why these parties continue to seek the Court's guidance over issues that

could easily be resolved if the parties would practice using a bit more civility when

conferring with one another.  From what the Court can deduce, the only remaining

issue, aside from the issue asserted by ACI in its Cross-Motion to Amend Protective

Order (Doc. 86) which is referenced in ACI's memorandum of law in response to this

Motion, is what particular date ACI will agree to make its documents available to

Appraisal.  Appraisal makes a valid point that it has waited a significant amount of time for ACI to produce responsive documents to its requests; however, as noted in this Court's March 5, 2007 Order (Doc. 83), both parties seem to be dragging their feet when it comes to their discovery obligations in this case.  Indeed, as ACI points out, ACI is willing to produce all documents sought by Appraisal.

In an effort to speed up production of discovery by the parties, and because the parties do not seem willing to work together to agree on a production date, the Court will set an arbitrary date for ACI to make documents -- which are responsive to Appraisal's Interrogatory No. 6 and the remaining Document Requests, with the exception of those seeking Highly Confidential Information[1] -- available to Appraisal.   Accordingly, ACI is directed to make the aforementioned documents available to Appraisal on or before **Friday, March 30, 2007.**  The Court trusts the parties will be able to work out how best to produce documents contained in electronic format on their own.  The parties shall bear their own fees and costs for preparing or responding to this Motion.

Accordingly, after due consideration, it is

**ORDERED**:

Defendant's Motion to Compel Interrogatory Answers and Document Production (Doc. 80) is **GRANTED in part and DENIED in part** in accordance with this Order.

---

[1] Appraisal's response to ACI's Cross-Motion to Amend Protective Order is due on or before March 30, 2007.   The Court will consider the issue regarding the Protective Order and discovery of the documents containing ACI's Source Code and other Highly Confidential Information once Appraisal files its response.   Again, however, the Court requests the parties continue to make a good faith effort to attempt to resolve this issue.

**DONE AND ORDERED** in Chambers in Jacksonville, Florida this __15th__ day of

March, 2007.

*Monte C. Richardson*

MONTE C. RICHARDSON
UNITED STATES MAGISTRATE JUDGE

Copies to:

Counsel of Record
Any Unrepresented Party